*Tagged opinion*



**ORDERED in the Southern District of Florida on December 10, 2024.**

**Laurel M. Isicoff, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                     CASE NO. 24-12729-BKC-LMI

DUJUAN NEIL,                                        Chapter 7

        Debtor.
_____/

### ORDER ON VICKY CREDITORS' OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION

This matter came before the Court for hearing on September 9, 2024 at 9:30 a.m. (the "Hearing") upon the *Vicky Creditors' Objection to Debtor's Claim of Homestead Exemption* (ECF #49) (the "Objection") filed by secured creditors, Victorya Hubicki ("Ms. Hubicki") and Vicky's Imagen LLC ("Vicky LLC") (collectively, the "Vicky Creditors") and *Debtor's Response to Objection to Claim of Homestead Exemption* (ECF #65) (the "Response"). At the Hearing, the parties advised that while there are disputed facts as to whether the Debtor's claimed

homestead is in fact his homestead, there is a threshold legal issue regarding the Vicky Creditors' pre-petition equitable lien against the subject real property and its impact on the Debtor's claim of homestead, if any. The parties filed supplemental briefing[1] on the issue, which the Court has reviewed. Based on that review, the Court finds that, regardless of whether the property at issue is the Debtor's homestead, the equitable lien is enforceable. Consequently, there is no need for an evidentiary hearing on the homestead issue.

**Factual Background**

On March 22, 2024 ("Petition Date") the Debtor, DUJAN NEIL ("Debtor"), filed a voluntary petition for relief under Title 11, Chapter 7 of the U.S. Bankruptcy Code. The Debtor's Schedule A/B reflects an ownership interest in certain real property located at 1520 N.E. 138th Street, Miami, Florida 33161 (the "Property"), which is claimed as his exempt homestead on Schedule C.

Prior to the Petition Date, on July 28, 2023, the Vicky Creditors commenced a lawsuit against the Debtor and his brother, SHELDON NEIL ("Sheldon"), in the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida (Case No. 2023-020471-CA-23) (the "State Court Action"), for, among other things, breach of contract, unjust enrichment, equitable lien, constructive fraud, and civil theft. The State Court Action arises from the alleged misappropriation of $80,328.00 (the "Funds") belonging to the Vicky Creditors, which was improperly utilized by Sheldon and the Debtor to acquire, improve,

---

[1] *Vicky Creditors' Supplemental Brief* (ECF #75) (the "Vicky Creditors' Supplement"); *Equitable Lien and its Effect on a Claim of Homestead Exemption* (ECF #78) (the "Debtor's Supplement").

2

and repair the Property. In exchange, the Vicky Creditors alleged, Sheldon promised to title the Property in Ms. Hubicki's name and to share in the proceeds generated from the rental activities at the Property. However, Ms. Hubicki was never ultimately added to the title of the Property and none of the rental proceeds were disbursed to the Vicky Creditors. Instead, the Debtor remained the sole title owner to the Property.

The operative complaint in the State Court Action, the Amended Complaint,[2] asserted two causes of action against the Debtor: Count III for unjust enrichment and Count IV for equitable lien. The unjust enrichment count (Count III) of the Amended Complaint alleged that: (1) "[The Vicky Creditors] conferred a benefit on [the Debtor] in the form of the Property's renovations, reconstruction, and refurnishing paid by [the Vicky Creditors]"; (2) "[The Debtor] voluntarily accepted the benefits conferred"; and (3) "The circumstances render [the Debtor's] retention of the benefit inequitable unless [the Debtor] pay[s] [the Vicky Creditors] for the value of the benefit conferred." The equitable lien count (Count IV) of the Amended Complaint alleged that: (1) "[The Debtor] knew or has reason to know that [the Vicky Creditors] paid for the Property and the improvements to the Property and had not been paid back, added to the Property's deed, or given a share of the rental payments acquired"; (2) "[The Debtor] engaged in fraudulent and deceitful actions to encourage [the Vicky Creditors] to pay for the Property and improvements thereto without payment or

---

[2] A copy of the Vicky Creditors' Amended Complaint is attached to the Vicky Creditors' Supplement as Exhibit A.

3

compensation of any kind"; and (3) "[the Vicky Creditors] have no remedy at law which would be as full, just, and adequate as would be the imposition of an equitable lien upon the subject Property."

On November 6, 2023, as a result of the Debtor's failure to respond to the Amended Complaint, a Default Final Judgment was entered against the Debtor imposing an equitable lien on the Property (the "Equitable Lien Judgment").[3]

Pursuant to the Equitable Lien Judgment, the state court found that: (1) "[t]he well plead allegations in the [Vicky Creditors'] pleadings are true as a matter of law"; (2) "[The Vicky Creditors] contributed a total of $80,328.00, for renovations, reconstruction, and refurnishing the Property"; (3) "In exchange, [the Vicky Creditors] were to be added to the Property's deed, and any rental proceeds acquired from the Property would be shared with [the Vicky Creditors]"; (4) "[the Debtor] failed to add [the Vicky Creditors] to the deed and to share rental proceeds acquired by the Property, or alternatively, [the Debtor] failed to refund the $80,328.00 to [the Vicky Creditors]"; and (5) "As such, [the Debtor] was unjustly enriched in the amount of $80,328.00." Consequently, the state court granted the Vicky Creditors "an Equitable Lien for the aforementioned sum" against the Property.

On February 20, 2024, the state court entered an Order Granting Motion to Foreclose Equitable Lien against the Real Property ("Order Foreclosing Lien")

---

[3] A copy of the Equitable Lien Judgment is attached to the Vicky Creditors' Supplement as Exhibit C.

4

and Final Order for Foreclosure Sale ("Foreclosure Judgment").[4] Pursuant to the Foreclosure Judgment, the Property was scheduled for a foreclosure sale on April 8, 2024, which was canceled as a result of the Debtor's bankruptcy filing.

Based on the supplemental briefing, the parties do not appear to dispute the above facts. The Vicky Creditors argue that (1) the Equitable Lien Judgment is entitled to collateral estoppel effect and therefore prevents the Debtor from contesting the equitable lien imposed against the Property by the state court and (2) the Equitable Lien Judgment may be enforced against the Property, even if it is the Debtor's homestead, because the basis for the Equitable Lien Judgment is an exception to Florida's homestead exemption. The Debtor does not dispute the fact that the state court imposed an equitable lien on the Property but instead argues that the Equitable Lien Judgment is void because it was imposed on the Debtor's homestead without any finding of Debtor's wrongdoing and because the state court did not make a finding as to the exact dollar amount that was spent on improving the homestead.

## Collateral Estoppel

The Equitable Lien Judgment is entitled to collateral estoppel effect. As the Court wrote in *In re Nunez*:

> Collateral estoppel, or issue preclusion, prohibits a party from relitigating issues of fact or law that were litigated in a prior court proceeding so long as the parties are identical, the issues are identical, and the matter has been fully litigated in a court of competent jurisdiction. *U.S. v. Weiss,* 467 F.3d 1300 (11th Cir.2006). . . .

---

[4] A copy of the Order Foreclosing Lien and Foreclosure Judgment are attached to the Vicky Creditors' Supplement as Exhibits E and F, respectively.

5

> When applying collateral estoppel in the context of a Florida state court judgment, the Florida law of collateral estoppel applies. *St. Laurent v. Ambrose (In re St. Laurent),* 991 F.2d 672 (11th Cir.1993); *Dimmitt & Owens Fin., Inc. v. Green (In re Green),* 262 B.R. 557 (Bankr.M.D.Fla.2001). Of course, "the standard of proof in the prior [state court] action must have been at least as stringent as the standard of proof in the later case." *In re St. Laurent,* 991 F.2d at 676.
>
> Under Florida law, even "[a] pure default judgment, entered when there is no participation by the defendant, is sufficient to satisfy the 'actually litigated' element of collateral estoppel under Florida law." *Lang v. Vickers (In re Vickers),* 247 B.R. 530, 535 (Bankr.M.D.Fla.2000). *Accord Dimmitt & Owens Fin., Inc. v. Green (In re Green),* 262 B.R. 557; *Lasky v. Itzler (In re Itzler),* 247 B.R. 546 (Bankr.S.D.Fla.2000).

*In re Nunez,* 400 B.R. 869, 875 (Bankr. S.D. Fla. 2008). Here, the parties and issues are identical. The State Court Action resolved the Vicky Creditors' claims against the Debtor for unjust enrichment by imposing an equitable lien against the Property in the Vicky Creditors' favor. Moreover, the matter has been fully litigated by the state court pursuant to its entry of the Equitable Lien Judgment, a final judgment.[5] The entry of the Equitable Lien Judgment, even by default, satisfies the "actually litigated" element under Florida collateral estoppel law. *See id.*

---

[5] The Court reviewed the docket in the State Court Action and although not mentioned by either the Debtor or the Vicky Creditors, the Debtor had a pending motion to set aside default and vacate final judgment based on allegations that service was not proper. However, the Debtor's pending motion to set aside default and vacate final judgment in the State Court Action does not affect the finality of the Equitable Lien Judgment. *See* Fla. R. Civ. P. 1.540(b).

6

Moreover, notwithstanding the Debtor's statement to the contrary, the Equitable Lien Judgment specifically holds that "Plaintiffs are granted an Equitable Lien for the aforementioned sum of $80,328.00 on the [Property]."

Therefore, the Debtor is collaterally estopped from contesting the equitable lien imposed against the Property by the Equitable Lien Judgment.

### Florida's Homestead Exemption

Having determined that the Debtor is collaterally estopped from contesting the state court's imposition of the equitable lien on the Property, the question now is whether the Debtor's claim of homestead exemption in this case (there was no claim of homestead addressed in the State Court Action) defeats or otherwise avoids the Vicky Creditors' equitable lien on the Property. The answer is no, because the basis for imposition of the equitable lien on the Property by the Equitable Lien Judgment is an exception to Florida's homestead exemption. Thus, even if the Property is the Debtor's homestead, the equitable lien is nonetheless valid and enforceable.

Florida's homestead exemption provides:

> There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, **except for** the payment of taxes and assessments thereon, obligations contracted for the purchase, **improvement or repair thereof**, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
>
> (1) a homestead....

Art. X, §4(a)(1), Fla. Const. (emphasis added). *See also Havoco of America, Ltd. v. Hill*, 790 So. 2d 1018, 1022 (Fla. 2001).

7

An equitable lien based on unjust enrichment may be imposed on a homestead property in certain circumstances. *See In re Fin. Federated Title & Tr., Inc.,* 347 F.3d 880, 890 (11th Cir. 2003) ("Unjust enrichment can be the basis for the assertion of an equitable lien."). As the Florida Supreme Court reiterated in *Havoco,* the imposition of an equitable lien against homestead property is limited "to those cases where the owner of the property has used the proceeds from fraud or reprehensible conduct to either invest in, purchase, or improve the homestead." 790 So.2d at 1028 (internal citations and quotations omitted). "In all circumstances, in order to warrant the imposition of an equitable lien, the funds, payment of which are to be secured by the equitable lien, must be directly traceable to the real property in question, having unjustly enriched the Debtor's interest in that property." *In re Johnson,* 336 B.R. 568, 572 (Bankr. S.D. Fla. 2006). "Thus, the *Havoco* decision has upheld the equitable lien cases where the funds obtained through fraud or egregious conduct can be directly traced to the investment, purchase or improvement of homestead." *Fin. Federated,* 347 F.3d at 888.

The Debtor argues that he is being held responsible for a dispute between the Vicky Creditors and his brother, and that the Amended Complaint only alleges bad behavior by his brother, not by him. The Debtor argues that under Florida law, the exception allowing an equitable lien on homestead is limited to cases where the *owner* of the property has used the proceeds from fraud or reprehensible conduct to either invest in, purchase, or improve the homestead and that because the Debtor (the owner of the Property) did not engage in any

8

wrongdoing, the equitable lien cannot be imposed against his homestead. Therefore, the Debtor states, because all the "wrongdoing" alleged in the State Court Action was Sheldon's, and because Sheldon is not the owner of the Property, an equitable lien cannot be imposed on the Debtor's homestead as a result of Sheldon's actions. However, the Debtor misunderstands the State Court Action and the findings made in that case.

The Amended Complaint made specific allegations as to the *Debtor's* wrongdoing. As one of many examples, the Amended Complaint alleged that the *Debtor* engaged in fraudulent and deceitful actions to encourage the Vicky Creditors to pay for the Property and improvements thereto. These allegations were determined to be true as a matter of law by the state court, due to the Debtor's failure to dispute them. Moreover, the Equitable Lien Judgment specifically stated that the *Debtor* failed to add the Vicky Creditors to the deed and to share in rental proceeds, the *Debtor* failed to refund the Funds to the Vicky Creditors, and therefore imposed the equitable lien on the Property based on the *Debtor's* unjust enrichment: receipt of the fraudulently obtained Funds that were used for renovations, reconstruction, and refurnishing the Property.

Even if there was an absence of findings of the Debtor's wrongdoing, Florida law looks at how the funds were obtained, not whether the owner of the homestead is the one who wrongfully acted. *See Fin. Federated,* 347 F.3d at 890 ("a lack of knowledge on the part of the person asserting the homestead exemption does not change this analysis, as it is the fraudulent nature of the funds which is of utmost importance."). The Amended Complaint adequately

9

alleges, and the Equitable Lien Judgment includes findings, sufficient to support the exception to the homestead exemption.

Accordingly, because the equitable lien was imposed based on an unjust enrichment theory for the fraudulently obtained Funds that were used to improve the Property, even if the Property is the Debtor's homestead, the equitable lien is not avoidable.

## Conclusion

The Debtor, and the Court, are bound by the findings made in the State Court Action that led to the entry of the Equitable Lien Judgment imposing an equitable lien on the Property. And the Debtor's claim of homestead exemption on the Property in this case does not defeat or otherwise avoid the Vicky Creditors' equitable lien on the Property, as the equitable lien falls within an exception to the homestead exemption.

Accordingly it is -

**ORDERED** as follows:

1. The Objection (ECF #49) is **SUSTAINED** to the extent of the Vicky Creditors' equitable lien only.[6]

###

Copies to:
Orville Mckenzie, Esq.
Alexis S. Read, Esq.

*Attorney Read is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.*

---

[6] This order only adjudicates the extent of the Debtor's ability to assert the homestead exemption to avoid the Vicky Creditors' equitable lien.

10